## In re BOLEN'S ESTATE.

County Judge's Court, Palm Beach County.

October 24, 1955.

Ernest Metcalf, West Palm Beach, for personal representatives and in his own behalf.

Joe H. Lesser, West Palm Beach, for residuary legatee.

RICHARD P. ROBBINS, County Judge.

This cause came before me on the petition of Ernest Metcalf and Mary A. Williams, executor and executrix under the last will and testament of Claudia Johnson Bolen, deceased, and the petition of Ernest Metcalf as attorney for the estate, for an order fixing their compensation for services rendered as such personal representatives and for attorney's fees therein.

The court is advised in the premises, after a hearing held for such purpose, and finds—

That the gross value of the estate as shown in the return of the appraisers filed in this estate September 7, 1954 is the sum of $196,500.99.

That the executor, Ernest Metcalf, acted as attorney for the estate and, therefore, in addition to his commission as executor he is entitled to a reasonable attorney's fee for legal services rendered, as provided in paragraph (4) of section 734.01, Florida Statutes 1953.

That the commission to be allowed such personal representatives is governed by paragraph (1) (a) of that section of the statute, and is as follows—

| | |
|---|---:|
| For the first one thousand dollars, 6% or _____$ | 60 |
| All above that sum and not exceeding five thousand dollars, 4% or _____ | 160 |
| All above five thousand dollars, at the rate of 2%, or _____ | 3,830 |
| Total compensation _____$4,050 | |

The personal representatives claim additional compensation for extraordinary services in the sale of real estate appraised at $92,800 as provided by paragraph (1) (b) of section 734.01, but the court is advised that such sale was consummated by a real estate broker who received full commissions for the same.

There having been no request for an allocation of commission between the personal representatives as provided in paragraph (1) (d), the court finds that the said sum of $4,050 is a reasonable commission to be divided equally between the executor and executrix.

The court further finds that a reasonable fee for the executor who also acted as the attorney, for the ordinary legal services rendered, is as follows—

Minimum fee _____$ 150
3% of the next forty-nine thousand _____ 2,470
2% on the excess of $146,500.99 _____ 2,930
                                                   _____
                                        Total_____$4,550

The attorney claims fees above the ordinary services rendered for preparing pleadings in connection with the sale of real estate, representing the interest of the estate in a certain partition suit, and for preparing the report of the appraisers. The court finds that a reasonable fee for such extraordinary services is the sum of $1,500.

The records in this cause show that the attorney has heretofore been allowed the sum of $3,000 on account of legal services which should be deducted from the amount herein found to be due and reasonable.

The court further finds that a reasonable sum to be allowed for the services of the two appraisers who furnished the data for the report prepared by the attorney is the sum of $1,000, to be divided equally between them.

It is ordered and adjudged that the executor and executrix of this estate be and they are hereby directed to make and deliver, for the services in full herein found to be due and reasonable, the following vouchers—

To: Mary A. Williams, executrix _____$2,025
    Ernest Metcalf, executor _____ 2,025
    Ernest Metcalf, attorney _____ 3,050
    E. Allen Dixon, appraiser _____ 500
    R. L. Calloway, appraiser _____ 500